by Alexander Taylor against Robert L. Chamberlain. No opinion. Motion for reargument denied, with $10 costs. See 39 N. Y. Supp. 737.

In re TAYLOR ST. (Supreme Court, Appellate Division, Fourth Department. April, 1896.) In the matter of the opening of Taylor street. No opinion. Order reversed, with disbursements allowed to appellant.

THOMAS et al., Respondents, v. HAYES et al., Appellants. (Supreme Court, Appellate Division, Third Department. December 2, 1896.) Action by Rebecca A. Thomas and others, as administrators, against Simon B. Hayes and others. No opinion. Judgment affirmed, with costs. All concur.

THOMAS, Respondent, v. LENNON, Appellant. (Supreme Court, Appellate Division, First Department. October 23, 1896.) Action by John Thomas, administrator, against William F. Lennon.

PER CURIAM. The same considerations which have been applied in the case of Gamble v. Lennon (decided at this term) 41 N. Y. Supp. 277, obtain and control here. There was no attempt, apparently, at proper diligence in preparing to print and file the cases. No valid excuse is given for the delay, and no reason is shown why the attorney should not have procured an extension of time in the proper way. The motion to dismiss the appeal is granted, with $10 costs.

THOMAS v. LENNON. (Supreme Court, Appellate Division, First Department. November 13, 1896.) Action by John Thomas, as administrator, etc., against William F. Lennon. No opinion. Motion denied, with $10 costs. See supra.

In re THOMPSON. (Supreme Court, Appellate Division, First Department. December 11, 1896.) In the matter of J. Walter Thompson. No opinion. Motion denied, with $10 costs. See 41 N. Y. Supp. 740.

THOMPSON, Respondent, v. VILLAGE OF GOWANDA, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Almira Thompson against the village of Gowanda. No opinion. Judgment and order affirmed, with costs. All concur.

TOCH, Appellant, v. TOCH et al., Respondents. (Supreme Court, Appellate Division, First Department. October 23, 1896.) Action by Serena Toch against Henry M. Toch and others. Chas. G. F. Wahle, for appellant. Louis Wertheimer, for respondents.

PER CURIAM. For the reasons stated in the opinion herewith handed down in the case of Toch v. Toch, 41 N. Y. Supp. 353, this order must be reversed, with $10 costs, and the motion denied, with $10 costs.

TODD, Respondent, v. MORTON, Appellant. (Supreme Court, Appellate Division, Second Department. December 8, 1896.) Action by Henry H. Todd against Thomas S. Morton. No opinion. Judgment and order affirmed, with costs. All concur.

TOWNSEND, Respondent, v. MANN, Appellant. (Supreme Court, Appellate Division, Third Department. December 2, 1896.) Action by Theophelia C. Townsend against John Townsend Mann. No opinion. Judgment and order affirmed, with costs. All concur.

TRAIN, Respondent, v. DAVIDSON, Appellant. (Supreme Court, Appellate Division, Second Department. December 15, 1896.) Action by Mary B. Train against George L. Davidson. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

TRAYNOR, Respondent, v. MURTAGH et al., Appellants. (Supreme Court, Appellate Division, Second Department. November 20, 1896.) Action by Frank Traynor against Charles E. Murtagh and others. Philip L. Wilson, for appellants. Henry A. Powell, for respondent.

PER CURIAM. The plaintiff has recovered a verdict of $400 damages against the defendants by reason of their failure to allow him to complete a contract, into which he had entered, to move their house back from the front to the rear portion of a lot on North Second street, in the Eastern district of the city of Brooklyn. He alleged that the lot at the rear was not wide enough to receive the building, and it appears to have been conceded that, if such were the fact, the defendants were liable, inasmuch as no exception was taken to the instruction, given to the jury by the learned trial judge, to the effect that, if the plaintiff had been prevented from moving the house back because the defendants did not have land of sufficient width to move it back upon, then the plaintiff was entitled to a verdict. Whether there was land enough in the rear for the house to stand on, or not, was a question of fact for the jury, the correct determination of which was largely dependent upon the two surveys which yielded different results,—one favorable to the contention of the plaintiff, the other to that of the defendants. The appellants insist that the plaintiff's survey should have been excluded, because the surveyor did not take the line mentioned in the conveyances for his starting point; but we are not able to say, from this record, either as matter of law, or as a conclusive inference of fact, that such is the case. The plaintiff's survey is also criticised because it was made long after the time when the house was to have been moved; but this fact did not render it inadmissible, inasmuch as there was other evidence in the case tending to show that, at the time of the survey, the encroachment on the rear of the lot, which rendered it too narrow to receive the house, was just the same as it was when the contract concerning the removal of the building was made. The issues were fairly and clearly left to the jury by the presiding judge, and we cannot interfere with the verdict. Judgment and order affirmed, with costs.